# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ED IZQUIERDO,

        Plaintiff,

vs.

CIRCUS CIRCUS CASINOS, INC., and MGM MIRAGE,

        Defendants.

2:06-cv-01093-RCJ-RJJ

**ORDER**

      This matter comes before the Court on Defendant Circus Circus Casinos, Inc.'s ("Circus Circus") Motion for Partial Summary Judgment. (#41). The Court has considered Defendant's Motion and the pleadings on file on behalf of all parties. IT IS HEREBY ORDERED that Defendant's Motion for Partial Summary Judgment (#41) is *granted*.

## BACKGROUND

      On September 9, 2006, Plaintiff Ed Izquierdo filed a complaint alleging damages arising from an altercation that occurred at the Circus Circus Hotel and Casino. Plaintiff alleges that Circus Circus is liable for assault, battery, false imprisonment, intentional infliction of emotional distress, and negligently hiring, training, and retention of unfit employees. (*See* #1). With respect to Plaintiff's claims for assault, battery, false imprisonment, and intentional infliction of emotional distress, Plaintiff alleges that Circus Circus Hotel security officers acted with malice and oppression entitling him to recover punitive damages. Circus Circus' Motion seeks partial summary judgment

on the issue of punitive damages because Circus Circus management had no direct knowledge or involvement with the incident involving Plaintiff and cannot be liable for punitive damages.

The lawsuit arises out of events that occurred on June 17, 2005, when Plaintiff was a guest at Circus Circus Hotel. While Plaintiff was on the way to his room during the morning hours, Circus Circus security received a call from dispatch that an individual (later identified as the Plaintiff) was bothering guests on the promenade. Security made contact with the Plaintiff and attempted to assist him in returning to his room. After an incident arose, Security Shift Supervisor Ronald Vincent ("Vincent") advised security to evict the Plaintiff from the hotel. Vincent, as Security Shift Supervisor, did not have power to set policy for Circus Circus but was charged with implementing Circus Circus' policies and ensuring the guards followed it. In fact, Vincent had someone above him called chief of security; Vincent did not have authority to act in the chief of security's place while he was running his shift. Although Vincent reported to higher-ranking personnel, his superiors were not at the casino the night of the incident.

Following the decision to evict Plaintiff, Vincent ran Plaintiff for warrants, which came back that he was wanted. Circus Circus security then placed Plaintiff in restraints and escorted him to the main security office. *Id.* While in the holding room, Plaintiff alleges certain incidents arose that support his causes of action. To find Circus Circus liable for punitive damages, Plaintiff must prove that a managerial agent authorized or ratified the conduct on the night in question. Plaintiff argues that Vincent, who was in charge of the security operations at the time of the incident, was a managerial agent. Circus Circus contends that Vincent was not a managerial agent, thus, Circus Circus cannot be subjected to punitive damages.

### I.   LEGAL STANDARD.

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the material facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d

1468, 1471 (9th Cir. 1994). Summary judgment is proper if the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). As summary judgment allows a court to dispose of factually unsupported claims, the court construes the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazari*, 84 F.3d 1194, 1197 (9th Cir. 1996).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, the party opposing the motion may not rest on the mere allegations or denials of its pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When the nonmoving party bears the burden of a claim or defense at trial, the moving party can meet its initial burden on summary judgment by showing that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. Conversely, when the moving party bears the burden of proof at trial, then it must establish each element of its case at summary judgment.

**A.     Punitive Damages.**

Circus Circus alleges that Plaintiff cannot recover punitive damages for the actions of its security officers because the requisite exercise of managerial authority is absent. To find Circus Circus liable for punitive damages a managerial agent must have authorized or ratified the security guards' conduct. *Nittinger v. Holman*, 119 Nev. 192, 195 (2003).

. . .

1    To hold a company liable for punitive damages based on the actions of an employee, the
2 Nevada Supreme Court adopted the standard set forth in Restatement (Second) of Torts § 909:

> Punitive damages can properly be awarded against a master or other principle because of an act by an agent if, but only if,
> (a) a principle or a managerial agent authorized the doing and the manner of the act, or
> (b) the agent was unfit and the principle or managerial agent was reckless in employing or retaining him, or
> © the agent was employed in a managerial capacity and was acting in the scope of employment, or
> (d) the principle or managerial agent of the principle ratified or approved the act.

*Smith's Food & Drug Center v. Bellegarde*, 114 Nev. 602, 610-11, 958 P.2d 1208, 1214 (1998). The parties presented no evidence to establish that subsections (a), (b), or © are implicated in this case. Accordingly, Circus Circus' liability for punitive damages depends on Vincent being a managerial agent under subsection (d). Thus, the issue is whether, on the night in question, Vincent had the authority to ratify or approve the acts of the security guards. *See Nittinger*, 119 Nev. at 195. This Court finds that the evidence produced establishes that Ronald Vincent was not a managerial agent for the purposes of imposing punitive damages against Circus Circus.

The Nevada Supreme Court has defined the term "managerial agent" narrowly. *Id.* at 198. A managerial agent is one who has policy-making authority or discretion to make ad hoc policy or corporate decisions. *Id.* A managerial agent is one who has authority to deviate from established policy or has discretion or could exercise independent judgment. *Id.* The Nevada Supreme Court stated,

> If we equate mere supervisory status with managing agent status, we will create a rule where corporate employers are liable for punitive damages in most employment cases. Such a rule would ignore Egan's sound reasoning ... and end our emphasis on the limited role and deterrent purpose of punitive damages awards: "to punish wrongdoers and thereby deter the commission of wrongful acts."

*Id.* (citations omitted). In *Nittinger*, the court held that a security shift supervisor is not a managerial agent. *Id.* In that case, the plaintiff sued Gold Coast for punitive damages based upon the actions

taken by security shift supervisor Malloy. *Id.* at 194. In determining if Malloy was a "managerial agent", the court noted that Malloy, as security shift supervisor, was charged with implementing Gold Coast's progressive-force policy and ensuring that the other security guards followed it. *Id.* Malloy reported to higher-ranking security personnel, who were not present the night of the incident. *Id.* Although Malloy had control over all security operations in the casino at the time of the incident, Malloy was not a managerial agent since no evidence demonstrated that Malloy "had the authority to deviate from the established policy or that he had any discretion or could exercise his independent judgment." *Id.* at 198. Malloy "merely had authority to implement the Gold Coast's policy and to see that the security guards enforced it." *Id.*

In the present case, Circus Circus' Security Manual establishes the duties and responsibilities of a Security Shift Supervisor. (#44, Exhibit 7). Specifically, all of the Security Shift Supervisor's responsibilities are "subject to established policies." *Id.* Vincent "has the right to manage his shift within the general policies and procedures set forth by the director." (#41, Exhibit D at 43). Vincent does not set policies, he merely follows them. *Id.* While Vincent does have discretion regarding whether he can remove someone from the hotel or bring an individual into custody, Vincent's duties are "subject to established policies" and do not raise to the level of him being considered a "managing agent." Like *Nittinger*, Vincent had control over all security operations in the casino at the time of the incident, but he did not have authority to deviate from established policy or exercise his independent judgment. Like the security supervisor in *Nettinger*, Vincent is not a managing agent.

The fact that Vincent was a supervisor is not enough to grant him status as a managing agent. The evidence indicates that Vincent merely had the authority to manage his shift within the general policies and procedures set forth by the director. Therefore, Vincent is not a managerial agent and

1  Circus Circus cannot be subject to liability for punitive damages in this case.  Nor has any evidence
2  been presented to demonstrate that Circus Circus ratified the alleged conduct.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff Circus Circus' Motion for Partial Summary Judgment (#41) on the issue of punitive damages is *granted*.  On the night in question, Shift Supervisor Ronald Vincent was not a managerial agent for the purposes of imposing punitive damages against Circus Circus.  According to Nevada law, Vincent is not a "managing agent" and Circus Circus cannot be held liable for punitive damages in this case.

DATED: March 18, 2008

_____
ROBERT C. JONES
UNITED STATES DISTRICT COURT JUDGE

(jb)